DOW CORNING CORPORATION, Plaintiff,

v.

Robert C. WATSON, Defendant.

Civ. A. No. 1415–56.

United States District Court
District of Columbia.

Dec. 20, 1957.

———◆———

Francis C. Cole, Washington, D. C., and Fulton B. Flick, Pittsburgh, Pa., for plaintiff.

Arthur H. Behrens, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents under 35 U. S. Code § 145, formerly Revised Statutes § 4915, to secure an adjudication that the plaintiff is entitled to receive a patent on an application that has been rejected by the Commissioner of Patents. The application was filed by Leslie J. Tyler on May 4, 1950, and is serial number 160,100.

The invention relates to synthetic rubber of a particular type known as Sil-

cone Rubber. Synthetic rubber of this type differs from that of other types in that silica, which is an important component of ordinary sand, is one of the ingredients of silicone rubber. The problem to which the applicant's invention was directed was to develop silicone rubber that would be sufficiently strong and would not harden prematurely. One of the difficulties that confronted those who had previously produced silicone rubber was premature hardening, which necessarily made the product useless after a time.

The application was rejected by the Patent Office on a patent to Te Grotenhuis, numbered 2610167, issued on September 9, 1952. The issue to be determined by this Court, therefore, is a very narrow one, namely, whether there is a patentable difference and distinction between the Te Grotenhuis disclosure and the claims involved in the case at bar. A close analysis of the description contained in the Te Grotenhuis patent as compared with the specification and the claims of the application in suit, shows that there are certain differences in the ingredients of the composition of the two disclosures, and certain differences in the various steps in the two processes. A detailed enumeration of these differences in this opinion is hardly necessary.

Testimony was introduced by the plaintiff that to follow the directions contained in the Te Grotenhuis disclosure would lead to a product that does not have the same properties as those of the product claimed by Tyler. One of the important features claimed by the applicant is a certain ratio by which one of the ingredients of the product is measured. It is claimed that this ratio is critical. It is so asserted in the specification, and the clams are limited to this ratio. This ratio, as appears through the testimony offered in behalf of the plaintiff, is not obtained by following the Te Grotenhuis patent.

It is true that the testimony comes from an interested source. On the other hand, the witnesses called by the plaintiff impressed the Court as highly competent and experienced engineers and chemists, and as acting in perfect good faith. There is nothing inherently improbable in their testimony and they were not impeached on cross-examination. What is more, their testimony was not contradicted. For example, the Patent Examiner, who perhaps might have been in a position to contradict their testimony, was not called as a witness. This of course is the usual practice of the Patent Office in these cases.

This case illustrates what seems to be a serious omission in the statutory procedure governing the review of decisions of the Patent Office by this Court. The statute involved is of course an old statute. Unfortunately, no substantial changes were made in it in the 1952 revision and codification of the patent laws. Many later statutes that govern the review of administrative actions by Federal courts either limit the review to the record made before the administrative agency, or permit the court to remand the case to the agency for the purpose of hearing additional evidence tendered to the Court. In that way, this Court would have the benefit of the expertise of the administrative agency. There is no corresponding provision in the statute governing review of Patent Office decisions by this Court. Such a provision seems to be highly desirable.

Under the circumstances, the Court must decide this matter on the technical evidence introduced in behalf of the plaintiff, without the benefit of any review of that evidence by Patent Office officials. The responsibility, however, does face the Court. The Court is convinced by the evidence that the results obtained by following the Te Grotenhuis patent are not the same as those obtained by following the Tyler disclosure, and that even a comparison of the text of the two disclosures shows substantial differences between them. The result necessarily follows that the claims are not subject to rejection on the basis of the Te Grotenhuis reference. It may well be that if the evidence introduced at this trial had been before the Patent Office,

the Patent Office might have reached a result different from that at which it arrived.

The Court is of the opinion that the plaintiff is entitled to the relief that it seeks, and judgment will be rendered in its favor.

Counsel will submit proposed findings of fact and conclusions of law.